MORRISON COHEN LLP                      Hearing Date: January 14, 2010 at 10:00 a.m.
909 Third Avenue                        Objection Deadline: January 7, 2010 at 5:00 p.m.
New York, New York 10022
(212) 735-8600
Joseph T. Moldovan
Michael R. Dal Lago

Proposed Attorneys for Spa Chakra, Inc., *et. al.*,
Debtors and Debtors-in-Possession

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
In re                                          :
                                               :  Chapter 11
SPA CHAKRA, INC. , *et. al.*,[1]               :
                                               :  Case No. 09-17260 (SMB)
                                               :
                    Debtors.                   :  (Jointly Administered)
-------------------------------------------------------------- X

## APPLICATION FOR AUTHORITY TO RETAIN GETZLER HENRICH & ASSOCIATES LLC, *NUNC PRO TUNC*, AS MANAGEMENT CONSULTANT AND FINANCIAL ADVISOR TO THE DEBTORS

TO:   THE HONORABLE STUART M. BERNSTEIN
      CHIEF UNITED STATES BANKRUPTCY JUDGE

Spa Chakra, Inc., *et al.*, the above-captioned debtors and debtors-in-possession (collectively, **"Debtors"**), pursuant to § 327(a) of Title 11 of the United States Code, as amended (**"Bankruptcy Code"**), Rule 2014 of the Federal Rules of Bankruptcy Procedure (**"Bankruptcy Rules"**), and Rule 2014-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Southern District of New York (**"Local Bankruptcy Rules"**), as and for their application requesting authority to retain Getzler Henrich & Associates LLC (**"Getzler Henrich"**) as their management consultant and financial advisor to the Debtors, *nunc pro tunc*, to December 22,

---

[1] The Debtors are the following entities: Spa Chakra, Inc., a Delaware corporation; Spa Chakra, LLC, a Delaware limited liability company; Spa Chakra Indiana, LLC, an Indiana limited liability company; Spa Chakra Fifth Avenue, LLC, a Delaware limited liability company; and Spa Chakra Fifth Avenue Indiana, LLC, an Indiana limited liability company.

#2018845 v2 \020504 \0007

2009 in the case of Spa Chakra Fifth Avenue, LLC, December 9, 2009 in the case of Spa Chakra Indiana, LLC, and December 10, 2009 in all other cases ("**Retention Dates**"), in accordance with a certain letter agreement, dated as of December 9, 2009 ("**Agreement**"), respectfully represent:

1. This Court has jurisdiction over this application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of these proceedings and this application is proper pursuant to 28 U.S.C. § 1408 and 1409. The statutory predicates for the relief requested herein are § 327(a) of the Bankruptcy Code and Bankruptcy Rule 2014.

### Background

2. The Debtors are part of the Spa Chakra enterprise that operates several luxury health and wellness spas in the United States, Europe, and Asia in the following cities: Guerlain Spa in the Regent Bal Harbour Hotel, Bal Harbour, Florida; Guerlain Spa in the Waldorf Astoria Hotel, New York, New York; Spa Chakra on Fifth, New York, New York; Spa Chakra in the Conrad Indianapolis Hotel, Indianapolis, Indiana; Spa Chakra in the Hilton Short Hills, Short Hills, New Jersey; Spa Chakra in the Palmer House Hilton Hotel, Chicago, Illinois; Spa Chakra Marina Del Ray, Marina Del Ray, California; Nourish Spa in the Hilton San Francisco, San Francisco, California; Spa Chakra Call Center, Tampa, Florida; Guerlain Spa, Residence Bel-Air, Island South, Hong Kong; Guerlain Spa, Shilla Seoul, Seoul, Korea; Guerlain Spa, Shilla Jeju, Jeju-Do, Korea; Guerlain Spa, Trianon Palace, Versailles, France; Spa Chakra Grand Hotel Park, Gstaad, Switzerland; Acqua di Parma Blu Mediterraneo, Yacht Club Costa Smeralda, Porto Cervo, Italy; Spa Chakra Alfarden Towers, Doha, Qatar.

3. On November 30, 2009, an involuntary petition was filed with this Court against Spa Chakra Fifth Avenue, LLC ("**Fifth Avenue**") under chapter 7 of the Bankruptcy Code by three of Fifth Avenue's alleged creditors. In response, Fifth Avenue filed a motion with this

Court to convert the chapter 7 case to a case under chapter 11 of the Bankruptcy Code. That request was granted and an order for relief under chapter 11 of the Bankruptcy Code was entered in that case on December 22, 2009 ("**Filing Date**"). In addition, on December 9 and 10, 2009 (collectively with the Filing Date, the "**Petition Date**"), the remaining Spa Chakra Debtors filed with this Court their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

4. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession in accordance with sections 1107 and 1108 of the Bankruptcy Code. No creditors' committee, trustee, or examiner has been appointed in any of these cases.

5. A more detailed description of the Debtors and their history, corporate structure, finances, and other information is set forth in the Affirmation of Michael Canizales Pursuant to Local Bankruptcy Rule 1007-2, dated December 10, 2009, which is incorporated herein by reference.

## RETENTION OF GETZLER HENRICH & ASSOCIATES LLC

6. By this Application, the Debtors seek to retain Getzler Henrich, as their management consultant and financial advisor, *nunc pro tunc* to the Retention Dates, in accordance with the terms and conditions of the Agreement, a copy of which is annexed as **Exhibit A** hereto. For the past several weeks, Getzler Henrich has played an integral role in the Debtors' efforts toward evaluating the Debtors' business and financial model and capital structure. In addition, Getzler Henrich has been actively involved in the Debtors' pre-chapter 11 financial planning. The Debtors require Getzler Henrich's services to perform these management and financial advisory services on their behalf during the administration of their Chapter 11 cases

as well. Some of the services it is anticipated Getzler Henrich would provide to the Debtors include, among others:

1. Assume the role of Management Consultant and Financial Advisor to the Company.

2. Assist management in the development of its restructuring options and determination of the Company's cash requirements related thereto.

3. Manage the process for the proposed Section 363 sale of some or all of the Debtors' assets, including:

    a. Assist the Debtors in their preparation of an offering memorandum;

    b. Work with the Debtors to identify a list of potential Interested Parties;

    c. Help management coordinate site visits from interested Parties, present the Debtors to prospective Interested Parties and accommodate due diligence requests;

    d. Solicit competitive offers and assist the Debtor in the final selection of a buyer(s) ("***Interested Party(ies)***");

    e. Support the Debtors through the structuring and negotiation, documentation, preparation and closing of a transaction, which includes providing all support necessary to the Debtors' other professionals such as attorneys or accountants.

7. Getzler Henrich will charge the Debtors at its regular hourly rates, which range from $455 to $550 for principals and managing directors, $355 to $485 for vice presidents and directors, and $250 to $350 for associate professionals and consultants. These rates may be subject to adjustment from time to time.

8. In addition, the Agreement provides that Geltzer Henrich will be paid the following:

    a. If the winning bid is less than $1,100,000 more than the opening stalking horse bid, including breakup fee, GH will receive $50,000.

      b.      If the winning bid is between $1.1 and $2 million, GH will receive $100,000.

      c.      Should the winning bid be more than $2 million, the total fee is capped at $200,000.

      d.      GH will continue to bill out at their normal hourly rates.

9. Under the Agreement, Getzler Henrich agrees to keep confidential information obtained from the Debtors in the performance of its duties, without prior consent of the Debtors.[2] Finally, the Agreement provides that the Debtors indemnify and hold harmless Getzler Henrich from any claims asserted arising out of the Agreement or the performance thereunder, unless caused by Getzler Henrich's willful misconduct or gross negligence.

10. Getzler Henrich has agreed to maintain detailed records of its time spent and any actual and necessary expenses incurred in connection with its services to the Debtors. The firm has further agreed to make appropriate application to this Court for compensation and reimbursement of expenses as required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and the Guidelines for Fees and Disbursements for Professionals in Southern District of New York Bankruptcy Cases.

11. The Debtors submit that Getzler Henrich's services are necessary for them to implement their plan for maximizing asset values for the benefit of their creditors. The Debtors believe that Getzler Henrich is well qualified to render the services required by the estates. Upon information and belief, Getzler Henrich (a) does not represent and or hold any interest adverse to the Debtors' estates or their creditors in the matters upon which Getzler Henrich is to be engaged; and (b) has no connection with the Debtors, their creditors, or other parties-in-interest

---

[2] Getzler Henrich may disclose information that (a) is otherwise publicly known at the time of its disclosure and not through a breach of this agreement by Getzler Henrich; (b) is lawfully received by Getzler Henrich from a third party not bound in a confidential relationship to the Debtors; or (iii) is required to be disclosed pursuant to any applicable law, governmental rule or regulation, court order, subpoena or similar judicial or regulatory process.

in these cases, except as disclosed in the Declaration of Mark G. Samson, attached hereto as Exhibit B ("*Samson Declaration*").

12. As of the Petition Date, Getzler Henrich is holding a pre-petition retainer in the approximate amount of $35,000 to $40,000 for services to be rendered in the Chapter 11 cases. Getzler Henrich is not owed any sums for services rendered prior to the commencement of the Chapter 11 cases.

## Notice

13. Notice of this Motion has been given to (a) the United States Trustee; (b) counsel to Hercules Technology Growth Capital, a pre-petition secured and proposed debtor-in-possession lender; (c) counsel to Sterling National Bank, N.A., a pre-petition secured lender; (d) counsel to the Official Committee of Unsecured Creditors, and (e) those persons requesting notice. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

## Waiver Of Memorandum Of Law

14. The Debtors request that the Court waive and dispense with the requirement set forth in Rule 9013-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York that any motion filed shall have an accompanying memorandum of law. No novel issue of law is raised by this Motion and the authorities relied upon are cited herein. Accordingly, the Debtors submit that a waiver of the Rule 9013-1(b) requirement is appropriate in these circumstances.

## No Prior Request

No prior motion for the relief sought herein has been made to this or any other court.

**WHEREFORE**, the Debtors respectfully request that an order be entered authorizing them to retain Getlerzler Henrich as their management consultant and financial advisor in these proceedings, *nunc pro tunc* to the Retention Dates, in accordance with the Agreement, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 29, 2009

                MORRISON COHEN LLP
                Proposed Counsel to Spa Chakra, Inc., *et al.*,
                Debtors and Debtor-in-Possession

                By: /s/ *Joseph T. Moldovan*
                    Joseph T. Moldovan
                    Michael R. Dal Lago

                909 Third Avenue
                New York, New York 10022
                (212) 735-8600