# AUCTION PROCEDURES

The following procedures ("***Auction Procedures***") shall govern the sale at auction ("***Auction***") of those assets ("***Assets***") of Spa Chakra, Inc. ("***Parent"***); Spa Chakra, LLC ("***LLC***"); Spa Chakra Indiana, LLC ("***Indiana***"); Spa Chakra Fifth Avenue, LLC ("***Fifth Avenue***"); and Spa Chakra Fifth Avenue Indiana ("***Fifth Avenue Indiana***"), the above-captioned debtors and debtors-in-possession herein (each a "***Debtor***" and, collectively, "***Debtors,***" "***Company,***" or "***Sellers***") subject to the ***APA*** (defined below) and pursuant to the Debtors' Motion ("***Motion***")[1] for an Order Pursuant to 11 U.S.C. §§ 105(a), 363, 365, 503, and 1146(a) and Fed. R. Bankr. P. 2002, 6004, 6006, 9008, and 9014: (A) Approving the Asset Purchase Agreement; (B) Authorizing the Sale of Certain Assets of the Debtors Free and Clear of All Liens, Claims, and Encumbrances; Authorizing the Assumption and Assignment of certain executory contracts and Leases, and (D) Granting Related Relief ("***Sale Motion***").  These Auction Procedures have been approved and authorized by order dated January __, 2010 ("***Bidding Procedures Order***") of the United States Bankruptcy Court for the Southern District of New York ("***Bankruptcy Court***") in the chapter 11 case of the Debtors.

A. **Assets to be Sold**

The Debtors shall consider bids for all or substantially all of the Assets to one or more bidders. The Assets shall be sold free and clear of all liens, claims and encumbrances to the fullest extent allowed under section 363(f) of the Bankruptcy Code.

B. **Mailing the Auction and Hearing Notice**

On or before January __, 2010, the Debtors shall mail the notice of sale of the Assets ("***Auction and Hearing Notice***") by first class mail, postage prepaid, to (a) all potential purchasers identified by the Debtors, (b) the Office of the United States Trustee, (c) John Fredericks, Esq., Winston & Strawn LLP, 101 California Street, Suite 3900, San Francisco, California 94111, counsel for Lender; (c) Michael S. Amato, Esq., Ruskin Moscou Faltischek, P.C., 1425 RXR Plaza, East Tower, 15th Floor, Uniondale, NY 11556-1425, proposed counsel for the Committee, (e) the parties in interest who have requested notice pursuant to Bankruptcy Rule 2002, (f) all known entities holding or asserting a security interest in or lien against any of the Assets, and (i) all government agencies required to receive notice of proceedings under the Bankruptcy Rules.  The Debtors shall also publish a copy of the Auction and Hearing Notice in the national edition of either USA Today or the Wall Street Journal, New York Edition.

Any other party in interest that wishes to receive a copy of the Auction and Hearing Notice shall make such request in writing to Debtors' counsel, Morrison Cohen, LLP, 909 Third Avenue, New York, NY 10022, Attn: Joseph T. Moldovan, Esq., Tel. 212-735-8600, Fax: 917-522-3103.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

### C. **Indication of Interest**

The Debtors shall send a form of confidentiality agreement to any person indicating an interest in participating in the Auction and requesting information about the Assets who has not previously signed a confidentiality agreement.

### D. **Confidentiality Agreement and Selection of Qualified Bidders**

Potential purchasers shall be required to complete and execute the confidentiality agreement and provide the Debtors with their financial qualifications and such other information the Debtors may reasonably request. Such financial information shall include the most recent audited financial statements of the potential bidder, or, if the potential bidder is an entity formed for the purpose of acquiring the Assets, current audited financial statements of the equity holder(s) of the potential bidder. Potential bidders shall also provide such other financial disclosure acceptable to, and requested by, the Debtors, which information shall demonstrate the financial capability of the potential bidder to consummate the proposed transaction, including, without limitation, commitment letters for any financing required to consummate the proposed transaction.

Prior to the Auction, the Debtors must qualify potential purchasers for continuing with the sales process. The Debtors shall promptly notify potential purchasers who have returned the confidentiality agreement and who have satisfactory financial qualifications that they have been selected as a qualified bidder ("*Qualified Bidders*").

Qualified Bidders will be allowed to perform reasonable due diligence with respect to the Assets, including reasonable access to the books, records and executives of the Debtors. Interested bidders should contact Morrison Cohen, LLP, 909 Third Avenue, New York, NY 10022, Attn: Michael Dal Lago, Esq., Tel. 212-735-8757, to seek to become a Qualified Bidder and, thereafter, to request information in connection with their due diligence.

### E. **The Asset Purchase Agreement.**

The Sellers and Hercules Technology II, L.P., a Delaware limited partnership, or an affiliate thereof ("*Buyer*" or "*Hercules*") and Michael Canizales("*Canizales*"), an individual joining as a party solely with respect to Sections 2.02 and 2.09(m), and Exhibit H of the APA have entered into an Asset Purchase Agreement, a copy of which is annexed to the Sale Motion as Exhibit C, for the sale of the Assets ("*APA*"). The APA contains certain terms and conditions of the proposed transaction between the Sellers, Hercules, and Canizales. Any Qualified Bidders who wish to submit a bid may obtain a copy of the APA by contacting Morrison Cohen, LLP, 909 Third Avenue, New York, NY 10022, Attn: Michael Dal Lago, Esq., Tel. 212-735-8757.

### F. **Form and Content of Bids.**

In order to constitute a "Qualified Bid," the bid must satisfy the following requirements:

(a) The bid must be in writing and submitted using a form substantially the same as the APA. The bid shall be made upon terms and conditions substantially similar or better to those contained in the APA (excluding the Break-Up Fee) (as

determined by the Debtors in their reasonable business judgment after consultation with the Committee), and must be accompanied by a "clean" version of the revised agreement, together with a blackline to reflect any proposed changes to the terms and conditions of the APA. A bid for the Assets must be in a net amount, after all adjustments, of at least the sum of the consideration potentially payable under the APA and the ancillary agreements to be entered into in connection therewith, which the Debtors values at approximately $8 million in the aggregate, plus an additional $540,000 (an amount equal to the Break-Up Fee, Expense Reimbursement, and Purchase Price Protection approved by the Court), plus assumed liabilities of at least $2.7 million.

(b) Any bidder shall be required to provide evidence of its financial ability to close and to fund the purchase price.

(c) Any bidder shall be required to provide evidence of its ability to receive all necessary regulatory or any other third party approvals.

(d) The bid must not be conditioned on the outcome of unperformed due diligence by the bidder, the receipt of financing, or any further bidding approval, including from any board of directors, shareholders, or otherwise. Bids shall not be shared among Qualified Bidders (other than Buyer). None of the conditions in the bid shall be materially more burdensome or unfavorable to the Debtors than those set forth in the APA and the proposed Sale Order.

(e) The bid must be accompanied by an earnest money deposit to Debtors' counsel equal to ten percent (10%) of the total proposed purchase price, but not less than $800,000 ("*Deposit*") in the form of a certified check or wire transfer payable to the trust account of Debtors' counsel by the Bid Deadline (defined below). The Deposit should only be sent to the Debtors (and not the other parties to receive copies of the bids). Such Deposits shall be held by the Debtors in a non-interest bearing account, until they are returned as, and to the extent, provided for herein.

(f) At the conclusion of the Auction, the Debtors will announce the highest and best bid ("*Successful Bidder*") and the second highest and best bid ("*Back-Up Bidder*"). The Successful Bidder and Back-Up Bidder shall supplement their respective deposits by wire transfer or other immediately available funds within one (1) business day so that, to the extent necessary, such deposit equals ten percent (10%) of the aggregate purchase price payable by the Successful Bidder; provided that Buyer may decline to be the Back-Up Bidder. If, for any reason, the Successful Bidder fails to consummate the purchase of the Assets, (i) the Back-Up Bidder will be deemed to have submitted the highest and best bid, and (ii) the Debtors shall be authorized to effect the sale of the Assets to the Back-Up Bidder as soon as is commercially reasonable without further order of the Bankruptcy Court. The Debtors' counsel shall transfer the Back-Up Bidder's deposit to a non-interest bearing trust account until the sale to the Successful Bidder closes, provided that the Back-Up Bidder provides Debtors' counsel with its federal tax ID number, at which time the deposit shall be returned to the Back-Up Bidder.

(g) The bidder shall forfeit the Deposit if (i) the bidder is determined to be a Qualified Bidder and withdraws or modifies its bid other than as provided herein before the Bankruptcy Court approves the Debtors' selection of the Successful Bidder, or (ii) the bidder is the Successful Bidder and (A) modifies or withdraws the bid without the Debtors' consent before the consummation of the sale contemplated by the bid, or (B) breaches the bid. The Deposit shall be promptly returned to the bidder if the bidder is not determined to be a Qualified Bidder.

(h) Bids must be accompanied by a letter affirmatively setting forth (i) the identity of the bidder (including the authorized representative to attend the Auction), the contact information for such bidder (including e-mail addresses, if available), the identity of the bidder's counsel, and contact information for such bidder's counsel (including e-mail addresses, if available); (ii) the aggregate value of the consideration the bidder proposes to pay under the bid (which statement of value shall not be binding on the Debtors or the Bankruptcy Court), (iii) the form of the Deposit (*i.e.*, cashier's check or wire transfer) made by the bidder, and (iv) its acknowledgement that such bid shall be irrevocable until the earlier to occur of (a) 48 hours after the Assets have been sold by the Debtors pursuant to the Bidding Procedures Order or withdrawn from the Auction by the Debtors, or (b) 5:00 p.m. on the thirtieth (30th) day after the entry of an order by the Bankruptcy Court approving another bidder as the Successful Bidder.

(i) Notwithstanding the forgoing, the Buyer shall be for all purposes a Qualified Bidder, and its Bid pursuant to the APA shall be a Qualified Bid.

### G. **Time for Submission of Bids.**

Any Qualified Bidder that desires to make a bid and to become an Actual Bidder (as defined below) shall deliver a copy of its bid and Adequate Assurance Package, including an executed asset purchase agreement, to (a) Morrison Cohen, LLP, 909 Third Avenue, New York, NY 10022, Attn: Joseph T. Moldovan. Esq., Tel. 212-735-8757 and (b) John Fredericks, Esq., Winston & Strawn LLP, 101 California Street, Suite 3900, San Francisco, California 94111; so as to be **actually received no later than 12:00 noon New York City Time on January __, 2010** ("*Initial Bid Deadline*").

### H. **The Auction**

The auction ("*Auction*") shall commence at 10 a.m. New York City Time on February __, 2010 at the offices of Morrison Cohen, LLP, 909 Third Avenue, New York, NY 10022 (or such other location as may be announced by the Debtors). Only Qualified Bidders who submit Qualified Bids ("*Actual Bidders*") as well as Buyer will be permitted to participate in the Auction, and they shall appear in person, or through a duly authorized representative, at the Auction.

Actual Bidders who have complied with the Bidding Procedures may improve their bids at the Auction ("*Increased Bids*"), in increments of at least $50,000 (as such bidding increment may be modified by the Debtors at the Auction). Should overbidding occur, the Buyer shall have the right, but not the obligation, to participate in the bidding and to be approved as the Successful Bidder at the Sale Hearing based on any such subsequent overbid. If Buyer exercises its right to

participate in the overbidding, the Buyer shall receive a credit against its overbidding in an amount equal to the Break-Up Fee.

### I. **Selection of Successful Bidder**

After the completion of the Auction, the Debtors shall review and consider each of the Qualified Bids, including that of Buyer, and any Increased Bids. The Debtors shall determine, in consultation with any official creditors' committee appointed in the Debtors' case, which of the Qualified Bids or Increased Bids constitutes the highest and best bid for the Assets. At the conclusion of the Auction, the Debtors shall inform each of the Actual Bidders of the decision regarding who is the Successful Bidder.

### J. **Objections**

Objections, if any, to the Sale Motion and any filed supplements thereto, shall: (i) be in writing; (ii) specify with particularity the basis of the objection; and (iii) be filed with the Court and simultaneously served on: (a) Debtors' counsel, Morrison Cohen, LLP, 909 Third Avenue, New York, NY 10022, Attn: Joseph T. Moldovan. Esq., Tel. 212-735-8757, facsimile: 917-522-3103, (b) counsel to the Buyer, John Fredericks, Esq., Winston & Strawn LLP, 101 California Street, Suite 3900, San Francisco, California 94111, (c) counsel to the Creditors Committee, Michael S. Amato, Esq., Ruskin Moscou Faltischek, P.C., 1425 RXR Plaza, East Tower, 15th Floor, Uniondale, NY 11556-1425, and (d) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (collectively, "***Notice Parties***"), so as to be actually received by 4:00 p.m. New York City Time on January __, 2010 ("***Objection Deadline***").

### K. **Failure to Consummate Purchase**

If for any reason the Successful Bidder fails to consummate the purchase of the Assets, then the Back-Up Bidder will automatically be deemed to have submitted the highest and best bid. If such failure to consummate the purchase is the result of a breach by the Successful Bidder, the Deposit shall be forfeited to the Debtors and the Debtors specifically reserve the right to seek all available damages from the defaulting bidder.

### L. **Bankruptcy Court Approval of the Successful Bidder**

A hearing on any objections (other than Cure Objections) to the sale and transfer of the Assets to the Successful Bidder or the Back-Up Bidder, as applicable, and to confirm the results of the Auction as it relates to the sale of the Assets, shall be held before the Honorable Stuart M. Bernstein, United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408 on February __, 2010 at 10:00 a.m. New York City Time ("***Sale Hearing***").

### M. **Return of Deposits**

Within ten (10) business days after the entry by the Bankruptcy Court of the Sale Order, the Deposit submitted by all Qualified Bidders, except (i) the Successful Bidder; (ii) the Back-Up Bidder; and (iii) any bidders that forfeit their Deposit under Section F above, shall be returned.

### N. **Business Judgment of the Debtors**

The Debtors reserves the right (a) to determine in the reasonable exercise of their business judgment whether the amendments and changes contained in each bid are acceptable as terms and conditions to sell; (b) to determine, in the reasonable exercise of their business judgment, which Qualified Bid, if any, is the highest and best offer; (c) to determine in their reasonable business judgment the value that should be ascribed to any Qualified Bid relative to any other Qualified Bid; and (d) to reject at any time prior to entry of an order of the Bankruptcy Court approving the Successful Bidder, any bid (other than Buyer's bid) that the Debtors, in the reasonable exercise of their business judgment, deem to be (i) inadequate or insufficient, or (ii) not to conform with the requirements of the Bankruptcy Code or the Auction Procedures. The Debtors also reserve the right to adjourn the Auction and the Sale Hearing from time to time; provided, however, that absent the consent of Buyer, the Auction shall not be adjourned beyond February __, 2010.

### O. **Reservation of Rights**

With the consent of Buyer, the Debtors reserve the right to (i) impose additional terms and conditions applicable to all Qualified Bidders at or prior to the Auction, (ii) extend the deadlines set forth in the Auction Procedures and/or adjourn the Auction at the Auction and/or the Sale Hearing in open court without further notice, and (iii) reject any or all bids (other than the APA) if, in the Debtors' reasonable business judgment, no bid is for a fair and adequate price.