MICHAEL S. AMATO (MA-5225)
RUSKIN MOSCOU FALTISCHEK, P.C.
1425 RXR Plaza
East Tower, 15th Floor
Uniondale, NY 11556-1425
(516) 663-6600

Attorneys for Official Committee of Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

In re:

SPA CHAKRA, INC., *et al.*,

                     Debtors.

Chapter 11

Case No. 09-17260

(Jointly Administered)

------------------------------------------------------------X

**OBJECTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO PART I OF DEBTORS' MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 363, 365, 503, AND 1146(A) AND FED. R. BANKR. P. 2002, 6004, 6006, 9008, AND 9014: (i) APPROVING THE ASSET PURCHASE AGREEMENT; (ii) AUTHORIZING THE SALE OF CERTAIN ASSETS OF THE DEBTORS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (iii) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND LEASES; (iv) APPROVING AUCTION PROCEDURES RELATED THERETO; AND (iv) GRANTING RELATED RELIEF**

The Official Committee of Unsecured Creditors ("Committee"), by its counsel, Ruskin Moscou Faltischek, P.C. ("RMF"), files this objection ("Objection") to Part I[1] of the Debtors' motion (the "Motion") for an order pursuant to 11 U.S.C. §§ 105(A), 363, 365, 503, and 1146(A) and Fed. R. Bankr. P. 2002, 6004, 6006, 9008, and 9014: (i) Approving the Asset Purchase Agreement, (ii) Authorizing the sale of certain assets of the Debtors free and clear of all liens, claims and encumbrances; (iii) Authorizing assumption and assignment of certain executory

---

[1] It is the Committee's understanding that the objection deadline of 1/25/10 and hearing scheduled for 1/26/10 are limited to Part I of the Motion, specifically the bid procedures ("Bid Procedures"). The Committee reserves its right to file a separate objection to Part II of the Motion.

::ODMA\PCDOCS\RMF_DOC\476572\3

contracts and leases; (iv) Approving auction procedures related thereto; and (iv) Granting related relief, states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On December 10, 2009, voluntary petitions under Chapter 11 of the Bankruptcy Code were filed by the Debtors with the United States Bankruptcy Court for the Southern District of New York (the "Court").

3. Pursuant to an Order of the Court entered December 11, 2009, the Debtors' respective cases are being jointly administered.

4. On December 22, 2009, the Office of the United States Trustee appointed an Official Committee of Unsecured Creditors.

5. At a duly convened organizational meeting, the Committee selected RMF as its counsel.

6. The Debtors are operating its businesses and managing its properties as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code.

7. As of the date hereof, no Rule 341 Meeting of Creditors has been held in these cases.

## OBJECTION

8. As set forth in the Motion, the Debtors propose to sell substantially all of their assets in a bulk sale ("Sale") prior to preparing and filing a formal plan of reorganization (or liquidation). The proposed Sale contemplates that Hercules Technology II, L.P. ("Hercules"), a

Delaware corporation, together with Michael Canizales, (upon information and belief, the majority or sole shareholder of the Debtors and an insider ("Insider Bidder")), as the stalking horse bidder. The proposed Sale contemplates that Hercules shall credit bid up to the amount of its purported secured claim of approximately $13.75 million, together with all advances made pursuant to the post-petition debtor-in-possession financing ("DIP Financing") provided by Hercules in these cases. In addition to its credit bid in an amount up to $14.75 million, Hercules seeks a break-up fee in the approximate amount of $540,000 ("Break-Up Fee") in the event that it is not the successful bidder for the assets.

9. Based upon the proposed sale to Hercules, together with the insider bidder, and as of the date of this objection, it is unclear what, if anything, will be available for distribution to general unsecured creditors from the sale.

**The Proposed Bid Submission Deadline and Sale Date are Unreasonable Under the Facts and Circumstances of this Matter Because it does not Afford a Full and Fair Opportunity for Third Parties to Bid on the Assets**

10. 11 U.S.C. § 363(b)(1) provides that, "the trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate...". 11 U.S.C. § 363(b)(1).

11. While it is well settled in this jurisdiction that a debtor may sell assets, including substantially all of its assets prior to the filing of a plan, said ability is not without limits. In *In re: Lionel Corporation*, 722 F.2d 1063, 1071 (2d Cir. 1983), the Court of Appeals outlined a non-exclusive list of factors that a court should consider in determining whether to permit a debtor or debtors to sell assets prior to proposing a plan including, but not limited to:

> (1) the proportionate value of the asset to the estate as a whole;
> (2) the amount of elapsed time since the filing;

> (3) the likelihood that a plan of reorganization will be proposed and confirmed in the near future;
> (4) the effect of the proposed disposition on future plans of reorganization;
> (5) the proceeds to be obtained from the disposition, *vis a vis*, any appraisals of the property;
> (6) which of the alternatives of use, sale or lease the proposal envisions; and
> (7) whether the asset is increasing or decreasing in value.

*In re: Lionel,* 772 F.2d at 1071.

12. While the Committee recognizes that the hearing in this matter is limited to the procedures of the sale, it is important to note that none of the aforementioned factors have been adequately addressed by the Debtors. Less than thirty-five (35) days have passed from the time that the Debtors filed these cases to the time that the Motion to approve the Sale to Hercules was filed. As of the date of this Objection, the Committee is unaware of any appraisals of any of the Debtors' assets. It is clear, however, that the Debtors intend to sell substantially all of their assets. While the Debtors have indicated that it will file a plan (presumably of liquidation) subsequent to the proposed Sale, it is unlikely that there will be any assets available to fund said plan. Clearly, if the sale is consummated, and Hercules is the successful bidder, there will be no sale proceeds available to fund a plan.

13. Additionally, and directly relevant to a Sale of the assets, I am advised that as of the date of this Objection, the financial information ("Due Diligence Information") to be made available to prospective purchasers has not been collected or organized by the Debtors, and presently is unavailable. As such, prospective bidders will be delayed in obtaining relevant and necessary information to be utilized in preparing and submitting qualified bids as defined by the Motion.

14. Finally, and notwithstanding that the deadline to file same was January 20, the Debtors have failed and refused to file operating reports in these matters. As such, basic information relating to the Debtors' operations post Petition Date remains unavailable.

15. I am advised that the Debtors propose to have the auction during the week of February 22, and the hearing to approve the sale immediately thereafter. The proposed date provides less than 30 days from the date of the hearing to approve the Bid Procedures for an interested bidder to review the Due Diligence Information (which presently is unavailable), assess the value of the assets that it wishes to bid on (which, upon information and belief, have not been appraised), and to file a Qualified Bid as directed in the Motion.

16. The foregoing does not represent adequate or sufficient notice of the Sale.

17. Based upon the foregoing, the Committee respectfully submits that the proposed timetable for the sale of the assets is not reasonable under the facts and circumstances of this matter, and that the Bid Procedures relating to the timing of *inter alia,* bid deadline, auction date and hearing on the Sale either be denied, or more time must be provided so that other potential purchasers may have a full and fair opportunity to review the material.

**The Proposed Break-Up Fee is Not Appropriate Under the Facts and Circumstances of this Matter**

18. In addition to the extremely aggressive timetable to sell the assets, it is respectfully submitted that the proposed Break-Up Fee is not appropriate under the facts and circumstances in this matter.

19. Pursuant to the Motion, Hercules, as stalking horse bidder, is entitled to a Break-Up Fee calculated as three percent (3%) of the purchase price payable to buyer in cash, plus reimbursement in an amount equal to all reasonable and actual out-of-pocket and third-party costs and expenses, including expenses of counsel and other outside consultants incurred and

documented by buyer in connection with (i) buyer's due diligence, (ii) investigation of sellers and the business, and (iii) negotiation, execution and delivery of the asset purchase agreement. (Motion, ¶ 36).

20. While the Motion does not place a final value on the Break-Up Fee, the Bid Procedures seem to calculate it to be not less than $540,000. (Bid Procedures, ¶F(b)).

21. It is well settled that stalking horse bidders may be entitled to a break-up fee where the circumstances warrant same.

22. In *In re Integrated Resources, Inc.*, 147 B.R. 650 (S.D.N.Y. 1992) the District Court affirmed a bankruptcy court decision approving a break-up fee based upon the business judgment rule. The court analyzed the following criteria in determining whether to award a break-up fee: (1) was the negotiation of the break-up fee tainted by self-dealing or manipulation; (2) does the fee discourage rather than encourage bidding; and (3) whether the fee is unreasonable relative to the proposed purchase price. *In re Integrated Resources, Inc.*, 147 B.R. at 657.

23. The business judgment rule, as defined by the court, "shields corporate decision-makers and their decisions from judicial second-guessing when the following elements are present: (1) a business decision, (2) disinterestedness, (3) due care, (4) good faith, and (5) according to some courts and commentators, no abuse of discretion or waste of corporate assets. *In re Integrated Resources, Inc.*, 147 B.R. at 656, quoted by *In re Adelphia Communs. Corp.*, 323 B.R. 345, 391 (Bankr. S.D.N.Y. 2005).

24. Break-up fees paid to insiders/fiduciaries are not per se prohibited, but are subject to heightened scrutiny to the possibility of abuse and self-interested dealings. *In re Bidermann Industries, Inc.,* 203 B.R. 547, 550 (Bankr. S.D.N.Y. 1997).

25. Based upon the foregoing, the Break-Up Fee is not appropriate under the facts and circumstances of this matter. Other than Debtors' statements that the Break-Up Fee is an express condition imposed by Hercules under the Asset Purchase Agreement, no further justification is provided. (Motion, ¶ 54).

26. Based upon the foregoing, this Court must deny that portion of the Motion that requests approval of the Break-Up Fee.

**Financial Information Must Be Available to Committee Members**

27. Pursuant to Paragraph D of the Bid Procedures, and specifically footnote 2, the Debtors propose to exclude Committee members that may have submitted bids from receiving financial information disclosed to the Committee.

28. It is inappropriate to exclude specific Committee members from the receipt of information disclosed to the Committee absent and until a Committee member makes a bid to purchase some or all of the assets of the Debtors.

29. Based upon the foregoing, any provision preventing certain Committee members from receiving financial information based upon their membership on the Committee should be excluded from the Bidding Procedures.

## CONCLUSION

**WHEREFORE**, based upon the foregoing, the Committee respectfully requests that this Court: (i) deny the relief requested in the Motion; and (ii) grant the Committee such other and further relief as this Court may deep appropriate.

Dated: Uniondale, New York
       January 25, 2010

                                RUSKIN MOSCOU FALTISCHEK, P.C.
                                Counsel for the Official Committee
                                of Unsecured Creditors

By: _____
                                Michael S. Amato (MA-5225)
                                1425 RXR Plaza
                                East Tower, 15th Floor
                                Uniondale, New York 11556-1425
                                (516) 663-6600