UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                          :
                                               :  Chapter 11
SPA CHAKRA, INC. , *et. al.*,[1]               :
                                               :  Case No. 09-17260 (SMB)
                                               :
                    Debtors.                   :  (Jointly Administered)
------------------------------------------------------------x

## ORDER APPROVING AUCTION PROCEDURES IN CONNECTION WITH THE DEBTORS' MOTION FOR (I) AUTHORITY TO SELL ASSETS, AND (II) APPROVAL OF THE AUCTION PROCEDURES RELATED THERETO

Upon consideration of the relief requested in Part I of the Debtors' motion dated January 15, 2009 ("***Motion***")[2], pursuant to sections 105, 363, and 365 of chapter 11, title 11 of the United States Code ("***Bankruptcy Code***") and Rules 2002, 6004 and 6006 of the Federal Rules of Bankruptcy Procedure ("***Bankruptcy Rules***"), for an order: (i) authorizing and approving the Auction Procedures annexed hereto as Exhibit A in connection with the proposed sale of the Assets[3] to the Buyer or a qualified bidder submitting a higher and better offer; (ii) authorizing and approving the Auction and Hearing Notice; (iii) authorizing and approving the terms of the APA annexed to the Motion as Exhibit A, including, without limitation, the Break-Up Fee payable to Buyer upon the terms and conditions set forth therein; and (iv) establishing the dates, time and place of the Auction and the Sale Hearing; and the Court having considered the Motion and opposition to the Motion, if any; and the Court having further considered the arguments of counsel at the hearing on the Motion; and the Court having found that (a) the Court has

---

[1] The Debtors are the following entities: Spa Chakra, Inc., a Delaware corporation; Spa Chakra, LLC, a Delaware limited liability company; Spa Chakra Indiana, LLC, an Indiana limited liability company; Spa Chakra Fifth Avenue, LLC, a Delaware limited liability company; and Spa Chakra Fifth Avenue Indiana, LLC, an Indiana limited liability company.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3] The Assets are comprised of the "Assets" and the "Additional Assets" under the APA.

jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (c) due and proper notice of the Motion has been given to all appropriate parties in accordance with applicable law, rules and procedures; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the request for the Break-Up Fee having been withdrawn by the Buyer at the hearing on the Motion; and the Court having considered any and all objections to the Auction Procedures and other relief which are the subject of this Order; and the Court having determined that the relief sought in Part I of the Motion is in the best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT**:

1. The Auction Procedures annexed hereto as Exhibit A are hereby authorized and approved in all respects.

2. The form and sufficiency of the Auction and Hearing Notice annexed to the Motion as Exhibit B is hereby approved.

3. The sale of the Assets to the Buyer under the APA shall be subject to higher and better offers. The Debtors are authorized to solicit higher and better offers for the Assets and to conduct the Auction, in accordance with this Order and the Auction Procedures, for the purpose of entertaining an Alternative Transaction. Actual Bidders who have complied with the Bidding Procedures may improve their bids at the Auction, in increments of at least $50,000.

4. All objections to Part I of the Motion, to the extent not withdrawn or resolved, are hereby overruled.

5. Notwithstanding anything to the contrary in the Motion or this Order:

#2022419 v3 \020504 \0007

2

a. The Debtor shall file and serve on the Lease and Contract Parties a final list of executory contracts and unexpired leases, and the proposed cure amounts, which are to be assumed and assigned to the Buyer or a qualified bidder submitting a higher and better offer, no later than seven days before the Auction; and

b. The Supplement to the Sale Motion shall be filed no later than 24 hours after the Auction has concluded.

6. Objections, if any, to the relief requested in Part II of the Motion and any filed supplements thereto, including objections to a sale of the Assets or to the assumption of leases or contracts and corresponding cure amounts, shall: (i) be in writing; (ii) specify with particularity the basis of the objection; and (iii) be filed with the Court and simultaneously served upon: (a) Debtor's counsel, Morrison Cohen, LLP, 909 Third Avenue, New York, NY 10022, Attn: Joseph T. Moldovan, Esq., Tel. 212-735-8600, Fax: 917-522-3103; (b) John Fredericks, Esq., Winston & Strawn LLP, 101 California Street, Suite 3900, San Francisco, California 94111, counsel for Buyer, (c) Michael S. Amato, Esq., Ruskin Moscou Faltischek, P.C., 1425 RXR Plaza, East Tower, 15th Floor, Uniondale, NY 11556-1425, counsel for the Committee, and (d) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004 (collectively, "***Notice Parties***"), so as to be actually received by 4:00 p.m., New York City Time, on February 23, 2010 ("***Objection Deadline***").

7. The Court shall conduct the Sale Hearing on February 25, 2010, at 2:00 p.m. New York City Time to consider any objections to the relief requested in Part II of the Motion (as defined in the Motion) and to confirm and approve the sale of the Assets pursuant to sections 105, 363, 365, and 1146 of the Bankruptcy Code.

8. This Court shall retain exclusive jurisdiction to: (i) the interpret, implement, and enforce the terms and provisions of this Order; (ii) enter Orders in aid or furtherance of this

#2022419 v3 \020504 \0007

Order; and (iii) adjudicate any and all remaining issues concerning the Debtors' right and authority to assume and assign executory contracts and unexpired leases and sell the Assets, including to approve the sale of the Assets at the Sale Hearing.

9. The requirement pursuant to Local Bankruptcy Rule 9013-1(b) for the filing of a separate memorandum of law in conjunction with the Motion is hereby waived.

Dated: January 26, 2010

                                  **/s/ STUART M. BERNSTEIN**
                                  UNITED STATES BANKRUPTCY JUDGE