UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------- x
In re                                          :
                                               :  Chapter 11
SPA CHAKRA, INC., et al.,[1]                   :
                                               :  Case No. 09-17260 (SMB)
                                               :
                       Debtors.                :  (Jointly Administered)
------------------------------------------------------------- x
```

**ORDER AMENDING ORDER PURSUANT TO 11 U.S.C. §§ 105(A), 363, 365, 503, AND 1146(A) AND FED. R. BANKR. P. 2002, 6004, 6006, 9008, AND 9014: (I) APPROVING THE ASSET PURCHASE AGREEMENT; (II) AUTHORIZING THE SALE OF CERTAIN ASSETS OF THE DEBTORS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES; (III) AUTHORIZING ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND LEASES, AND (IV) GRANTING RELATED RELIEF**

Upon consideration of the relief requested in Part II of the Debtors' motion, dated December 26, 2009 ("Sale Motion"), pursuant to Sections 105(a), 363, 365, 503, and 1146(a) of Chapter 11 of title 11 of the United States Code and Rules 2002, 6004, 6006, 9008, and 9014 of the Federal Rules of Bankruptcy Procedure, for an order authorizing and approving a sale of the Assets free and clear of liens, claims, and to Hercules Technology II, L.P., a Delaware limited partnership, or an affiliate thereof; and an Order having been entered by the Court on March 15, 2010 granting the Sale Motion ("Sale Order"); and the need for an amendment to paragraph 6 of the Sale Order having arisen prior to the closing on the Sale, it is hereby

**ORDERED**, that paragraph 6 of the Sale Order is amended as follows:

The Assumed Agreements shall be transferred and assigned to, and remain in full force and effect for the benefit of Buyer[2] and the non-Debtor counterparties thereto, notwithstanding any provision in any contract (including those of the type described in 11 U.S.C.

---

[1] The Debtors are the following entities: Spa Chakra, Inc., a Delaware corporation; Spa Chakra, LLC, a Delaware limited liability company; Spa Chakra Indiana LLC, an Indiana limited liability company; Spa Chakra Fifth Avenue, LLC, a Delaware limited liability company; and Spa Chakra Fifth Avenue Indiana LLC, an Indiana limited liability company.

[2] Unless otherwise define herein, capitalized terms shall have the same meaning ascribed to them in the Sale Order.

§ 365(b)(2), (e), or (f)), or other restrictions that prohibits, restricts, or condition such assignment or transfer. Notwithstanding anything to the contrary in this Order or the APA, and solely with respect to the Spa Master Agreement with Guerlain, S.A., subject to satisfaction of the conditions precedent to assumption and assignment of the Assumed Agreements, the Debtors' liability under the Assumed Agreements will terminate immediately upon the Closing of the sale to Hercules.

Dated: New York, New York
      March16, 2010

                                       /s/   STUART M. BERNSTEIN
                                       UNITED STATES BANKRUPTCY JUDGE